IN RE: Robert Fuller MEURER
(Arkansas Bar ID #85108)

99-427                                999 S.W.2d 196

Supreme Court of Arkansas
Opinion delivered September 23, 1999

*Robert Fuller Meurer*, pro se.

*Lynn Williams*, for the Supreme Court Committee on Professional Conduct.

P ER CURIAM. On February 12, 1999, the Supreme Court Committee on Professional Conduct ordered Robert Fuller Meurer to make restitution of $18,000 to a former client, Ms. Tressia Russell. The order provided that Mr. Meurer was to make monthly installments of $300 until full restitution was made. On April 30, 1999, the Committee filed a petition asking this court to require Mr. Meurer to appear before this court and show cause why he should not be held in contempt for failing to comply with the terms of the February 12, 1999 order. The procedural background of this matter is more fully set out in *In Re: Meurer*, 337 Ark. 608, 990 S.W.2d 552 (1999) *(per curiam)*.

Mr. Meurer appeared before this court on June 24, 1999, and entered a plea of guilty to the petition. On June 29, 1999, Mr. Meurer submitted an affidavit in mitigation, claiming several personal reasons why he had not complied with the Committee's order. The Committee's response, however, raised questions concerning the veracity of some of the information supplied by Mr. Meurer. Accordingly, we appointed a special master, The Honorable Perry Whitmore, to conduct a hearing on the matter. *See In Re: Meurer*, 338 Ark. 373, 993 S.W.2d 917 (1999) (*per curiam*).

On August 20, 1999, the special master filed his report and findings of fact with this court's clerk. The report reflects that a hearing was conducted on August 16, 1999, during which Mr. Meurer failed to appear. The Committee appeared through its attorney Lynn Williams. Mr. Williams informed the special master that Mr. Meurer had telephoned that morning and had stated that he did not intend to appear. The hearing proceeded, and the following pertinent findings of fact were made:

1. Mr. Meurer has failed to make any payments to Ms. Russell, and has also failed to pay costs of $150 to the Committee.

2. Mr. Meurer's affidavit was patently false in its description of a catastrophic domestic circumstance as contemporaneous to his failure to comply with the Committee's order.

3. Mr. Meurer's assertion that he had no complaints on his performance as an attorney other than Ms. Russell's complaint was also false. Mr. Meurer was barred from appearing in the United States Bankruptcy Court and was under order by that court to repay $1,000 to his client.

Significantly, the special master found that the misstatements of fact were knowingly made by Mr. Meurer, and that such conduct reflects a disregard by Mr. Meurer of the serious nature of the Committee's responsibility to the legal profession and his personal obligation to tell the truth in these circumstances.

■ ■ Based on the findings of the special master, we hold Mr. Meurer in contempt of this court for willfully failing to comply with the Committee's order. Pursuant to our inherent authority over matters involving the discipline of attorneys, we hereby reinvest authority in the Committee to make a recommendation to this court as to the appropriate sanction in this matter, pursuant to Section 7(D) of the Procedures Regulating Professional Conduct. Pending such recommendation from the Committee, Mr. Meurer is suspended from the practice of law in this state.